

**NATIONAL MEDIATION BOARD**
WASHINGTON, DC 20572

(202) 692-5000

| | |
|---|---|
| In the Matter of the Application of the<br><br>NETJETS ASSOCIATION OF SHARED AIRCRAFT PILOTS (NJASAP)<br><br>alleging a representation dispute pursuant to Section 2, Ninth, of the Railway Labor Act, as amended<br><br>involving employees of<br><br>NETJETS AVIATION | 35 NMB No. 65<br><br>CASE NO. R-7171 (File No. CR-6938)<br><br>FINDINGS UPON INVESTIGATION-CERTIFICATION<br><br>August 26, 2008 |

This determination addresses the application filed by the NetJets Association of Shared Aircraft Pilots (NJASAP) seeking to represent the craft or class of Pilots, employees of NetJets Aviation (NetJets or Carrier). For the reasons discussed below, the National Mediation Board (NMB or Board) certifies NJASAP to represent for the purposes of the Railway Labor Act (RLA)[1], as amended, the craft or class of Pilots, employees of NetJets.

### **PROCEDURAL BACKGROUND**

On July 10, 2008, the NJASAP filed an application alleging a representation dispute involving the Pilots on NetJets. At the time the application was received, the Board's records indicated that these employees were represented by the International Brotherhood of Teamsters (IBT). (NMB Case No. R-4346.) The application was assigned NMB File No. CR-6938 and assigned to Investigator Cristina A. Bonaca.

---

[1] 45 U.S.C. § 151, *et seq.*

Plaintiff Exh 1

35 NMB No. 65

The IBT submitted a statement on July 10, 2008, and NetJets submitted a statement on July 22, 2008.

**ISSUE**

Who is the duly designated representative of the craft or class of Pilots at NetJets?

**FINDINGS OF LAW**

Determination of the issues in this case is governed by the RLA, as amended, 45 U.S.C. §§ 151-188.  Accordingly, the Board finds as follows:

I.

NetJets is a common carrier as defined in 45 U.S.C. § 181.

II.

IBT and NJASAP are labor organizations as provided by 45 U.S.C. § 152, Ninth.

III.

45 U.S.C. § 152, Fourth, gives employees subject to its provisions, "the right to organize and bargain collectively through representatives of their own choosing.  The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purposes of this chapter."

IV.

45 U.S.C. § 152, Ninth, provides that the Board has the duty to investigate representation disputes and to designate who may participate as eligible voters in the event an election is required.  In determining the choice of the majority of employees, the Board is "authorized to take a secret ballot of the employees involved, or <u>to utilize any other appropriate method of ascertaining the names of their duly designated and authorized representatives</u> . . . by the employees without interference, influence, or coercion exercised by the carrier." (Emphasis added.)

- 246 -

35 NMB No. 65

## STATEMENT OF FACTS

The Pilots at NetJets have been represented by the IBT since 1973. (NMB Case No. R-4346.)

Prior to application to the Board, the IBT and NJASAP, with the consent of the Carrier, had participated in a privately-conducted election to resolve the representational question among the Pilots at NetJets.  Using the independent contractor BallotPoint Election Services to administer the ballot process, an election was held between the IBT and the NJASAP.[2]  The official tally was provided to the Board and reflected that on June 30, 2008, at 5 p.m. PST, 2212 out of 2264 eligible voters voted for NJASAP, and 52 voted for the IBT.  NJASAP received 97.7 percent of the vote.

NJASAP filed its application with the Board on July 10, 2008.  NJASAP included with its application the original copy of BallotPoint Election Services' certification of the internal representation election results, a current seniority list of NetJets Pilots, and authorization cards signed by NetJets Pilots.

The authorization cards provided to the Board contained the following language:  "This card is to serve as notification to the National Mediation Board that I am a NetJets pilot, and I desire to be represented by the NetJets Association of Shared Aircraft Pilots [NJASAP] for the purpose of Collective Bargaining."  The Investigator compared the submitted authorization cards with the signature samples provided by the Carrier. *See* NMB Representation Manual Sections 3.0 and 7.0.  NJASAP submitted 2257 valid authorization cards out of a total of 2846 potential eligible voters, resulting in a 79.3 percent showing of interest.  *See* 29 C.F.R. § 1206.2 (a) ("Where the employees involved in a representation dispute are represented . . . and are covered by a valid existing contract . . . a showing of proved authorizations (checked and verified as to date, signature, and employment status) from at least a majority of the craft or class must be made . . . .")

The IBT, through its Legal Department Director Gary S. Wilten, submitted a letter to the Board, dated July 10, 2008, acknowledging its consent to the internal election and the results.  Specifically, the letter stated:

---

[2]  BallotPoint Election Services is the contractor the NMB uses for its elections; however, the internal election was not an NMB election.

35 NMB No. 65

The International Union does not dispute the validity of the election and does not assert that it is the choice of representative for the craft of class of NetJets pilots.  Accordingly, the International Union does not object to the certification of NJASAP as the representative of the craft or class of pilots employed by NetJets Aviation, Inc.

NetJets also filed a statement to the Board, on July 22, 2008, voicing its consent to the certification of NJASAP.  Michael P. Maratto, NetJets' Vice President, Labor & Employee Relations, stated:

[T]he Carrier consents to the certification of . . . [NJASAP] as the representative of employees in the craft or class of pilot[s] in the event that such certification is deemed appropriate by the Board.  Our consent is based upon our understanding that NJASAP has prevailed over the . . . [IBT] in a private election held for purposes of resolving the instant question of representation and that IBT does not contest the results of that election.

## **DISCUSSION**

45 U.S.C. § 152, Ninth, authorizes the Board to investigate disputes arising among a carrier's employees over representation and to certify the duly authorized representative of such employees.  Further, Section 2, Ninth grants the Board the discretion to "utilize any . . . appropriate method of ascertaining the names of their duly designated and authorized representatives . . . ." (Emphasis added.)  The Board has exclusive jurisdiction over representation questions under the RLA.  *Gen. Comm. of Adjustment of Bhd. of Locomotive Eng'rs for Mo.-Kan.-Tex. R.R. v. Mo.-Kan.-Tex. Ry. Co.,* 320 U.S. 323 (1943); *Switchmen's Union of N. Am. v. Nat'l Mediation Brd.*, 320 U.S. 297 (1943).  *See also Bhd. of Ry. and S.S. Clerks v. Ass'n for the Benefit of Non-Contract Employees*, 380 U.S. 650 (1965).

In the instant case, the investigation establishes that NJASAP is the choice of representative by the majority of Pilots at NetJets.  NJASAP received 97.7 percent of the vote in the internal election, administered by BallotPoint Election Services, and submitted valid authorization cards from almost 80 percent of the Pilots.  In addition, the Board takes note of letters from both the IBT and NetJets consenting to both the internal election and NJASAP's certification as the collective bargaining representative of the NetJets' Pilots.

35 NMB No. 65

## **CONCLUSION**

NOW, THEREFORE, in accordance with Section 2, Ninth, of the RLA, as amended, and based upon its investigation pursuant thereto, the Board certifies that NJASAP has been duly designated and authorized to represent for the purposes of the RLA, as amended, the craft or class of Pilots, employees of NetJets, its successors and assigns.

Accordingly, NJASAP's application in NMB File No. CR-6938 is converted to NMB Case No. R-7171 and closed subject to Part 1206.4 (a) of the Board's Rules.

By direction of the NATIONAL MEDIATION BOARD.

*Mary L. Johnson*

Mary L. Johnson
General Counsel

Copies to:
Michael Maratto
Jennifer Beale
Harry Rissetto, Esq.
David P. Bourne, Esq.
Gary S. Witlen, Esq.
Dennis C. Cotton
James L. Adams, Jr.
Jeffrey M. Burrows